IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| NATHANIEL LAMBRIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 5:23-CV-277-BV |
| v. | § | |
| | § | |
| SALVADOR MARTINEZ, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiff Nathaniel Lambright filed suit under 42 U.S.C. § 1983, claiming violations of his constitutional rights while incarcerated at the Formby Unit of the Texas Department of Criminal Justice (TDCJ). Dkt. No. 1. The undersigned determined that Lambright's claims against Defendant Salvador Martinez for retaliation and excessive force survive screening, and Martinez timely answered. Dkt. Nos. 26–28, 31, 33. But Lambright has not complied with Court orders and has failed to prosecute this case, so the undersigned recommends that the United States District Judge dismiss this action under Rule 41(b) of the Federal Rules of Civil Procedure.[1] *See Campbell v. Wilkinson*, 988 F.3d 798, 799 (5th Cir. 2021) (reiterating that "[i]t is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion").

---

[1] Not all parties have consented to proceed before a magistrate judge.

1.  **Background**

Lambright filed suit under 42 U.S.C. § 1983, alleging multiple claims against certain individuals employed at the Formby Unit. Dkt. No. 1. The district judge transferred Lambright's case for preliminary screening under 28 U.S.C. §§ 1915(e) and 1915A(b). Dkt. Nos. 5, 7, 20. At that time, Lambright was instructed of his duty to notify the Court of an address change and "[p]romptly file a written change of address notice" or risk dismissal of his case. Dkt. No. 3; *see also* Dkt. Nos. 5 (advising that any failure to update address information may result in dismissal under Fed. R. Civ. P. 41(b)); 6 (same).

During preliminary screening, the magistrate judge dismissed most of Lambright's claims. Dkt. Nos. 26, 27. Two claims—that Officer Salvador Martinez retaliated and used excessive force against Lambright for attempting to file a grievance—survived screening. *See* Dkt. Nos. 26, 28. On those claims, the magistrate judge required an answer. Dkt. No. 28. Officer Salvador Martinez answered on February 25, 2025. Dkt. No. 33.

Early during the pendency of this case, Lambright communicated with the Court. For example, he informed the Court of address changes, returned a judge's questionnaire, submitted his consent to proceed before a magistrate judge, and filed premature motions for discovery. Dkt. Nos. 11, 13–14, 16, 18–19, 21, 23. In October 2024, Lambright informed the Court that he was being released from TDCJ and provided a new address in Waxahachie, Texas. *See* Dkt. No. 23. In February 2025, correspondence from the Court

sent to the Waxahachie address was returned with notations that Lambright did not live at that address, and the mail could not be forwarded. Dkt. No. 32.

In April 2025, having received nothing from Lambright updating his address and considering he had been released from prison, the Court ordered him to update his address and pay the filing fee by May 12, 2025. Dkt. Nos. 34–35. Those orders have gone unanswered. As of today's date, Lambright has not updated his address, paid the filing fee, or communicated with the Court in more than six months. At this point, the Court can only conclude that Lambright no longer wishes to pursue his claims.

**2.    Involuntary Dismissal**

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." *McCollough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam). The court may exercise this authority *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (per curiam). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

Courts routinely dismiss cases when prisoners fail to comply with court orders requiring a current mailing address. *See, e.g.*, *Williams v. Kemp*, No. 3:21-cv-00105-N (BT), 2021 WL 3024856, at *1 (N.D. Tex. June 4, 2021) (recommending dismissal after mail was returned as undeliverable because plaintiff "failed to keep the Court apprised of his current address"), *R. & R. adopted by* 2021 WL 3023009 (N.D. Tex. July 16, 2021); *Bennett v. Smith Cnty. Jail*, No. 6:21cv010, 2021 WL 930282, at *1 (E.D. Tex. Feb. 5,

3

2021) ("Plaintiff's failure to submit an updated mailing address evinces his failure to prosecute his own case."), *R. & R. adopted by* 2021 WL 926207 (E.D. Tex. Mar. 10, 2021); *Martinez-Reyes v. United States*, No. 7:14-CV-341, 2016 WL 8740494, at *4 (S.D. Tex. Oct. 10, 2016) (concluding dismissal was required "given that the last court document was returned as undeliverable and the Court thus" could not communicate with inmate), *R. & R. adopted by* 2017 WL 1409315 (S.D. Tex. Apr. 20, 2017); *see also Shuemake v. Hillhouse*, No. 6:18cv349, 2021 WL 3044433, at *1 (E.D. Tex. July 2, 2021) ("Plaintiff has neither communicated with the Court since his release nor provided an updated mailing address as required. It is well-settled that a Plaintiff has an ongoing obligation and responsibility to inform the Court [of] his whereabouts through a current mailing address."), *R. & R. adopted by* 2021 WL 3032725 (E.D. Tex. July 19, 2021).

Likewise, courts have dismissed cases where a plaintiff has failed to pay a filing fee. *Surber v. Dall. Cnty. Sheriff's Off.*, No. 3:21-CV-2885-X-BH, 2022 WL 18717540, at *1–2 (N.D. Tex. Aug. 15, 2022) (concluding prisoner's case was subject to involuntary dismissal under Rule 41(b) after he failed to pay the full filing fee as ordered upon his release from prison), *R. & R. adopted by* 2023 WL 2026639 (N.D. Tex. Feb. 15, 2023); *Munoz v. Wenone Inc.*, No. 3:21-CV-1049-L-BN, 2021 WL 4312635, at *3 (N.D. Tex. Aug. 17, 2021) (recommending dismissal under Rule 41 where plaintiff failed to pay the filing fee), *R. & R. adopted by* 2021 WL 4310589 (N.D. Tex. Sept. 22, 2021); *see also Chambers v. Nat'l Credit Sys., Inc.*, No. 4:23-CV-028-SDJ-CAN, 2023 WL 3035338, at *2 (E.D. Tex. Mar. 8, 2023) (collecting cases), *R. & R. adopted by* 2023 WL 3097941 (E.D. Tex. Apr. 26, 2023).

4

Because Lambright has failed to pay the filing fee, has not updated his address, has not communicated with the Court in more than six months, and has not responded to Court orders, the undersigned magistrate judge recommends that the district judge dismiss this case for want of prosecution.

### 3. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the United States District Judge dismiss Lambright's complaint without prejudice for want of prosecution in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

The 14-day objection period to these findings, conclusions, and recommendation provides Lambright an additional opportunity to update his address. If he does, the undersigned recommends the district judge transfer this action back to the undersigned for further proceedings.

### 4. Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to

5

file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: May 14, 2025.

                                      */s/ Amy Burch*
                                      **AMANDA 'AMY' R. BURCH**
                                      **UNITED STATES MAGISTRATE JUDGE**